[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REARGUE
On July 11, 1996, this court (Shortall, J.) entered a judgment dissolving the marriage of the parties. The court also entered various orders including financial orders which required the defendant-husband to pay the plaintiff-wife periodic alimony in the amount of $75.00 per week and child support in the amount of $180.00 per week, $90.00 per week for each of two minor children.
On April 23, 1998, the defendant filed a motion for modification of alimony and child support. Notwithstanding the caption of the motion, the defendant, at the time of the hearing, expressly stated on the record that he was withdrawing his request for modification of child support and the parties were heard as to the issue of alimony only.
The undersigned heard argument of both parties and reserved decision as to the issue of periodic alimony only.
At the time the court rendered its decision it inadvertently and mistakenly entered an order reducing the defendant's child support obligation by five ($5.00) dollars per week, from $180.00 to $175.00 per week.
The plaintiff filed the instant motion seeking to have the CT Page 7355 order reducing the defendant's child support obligation vacated for two specific reasons — firstly because neither party had requested modification of the existing child support order and secondly because the said reduction was inconsistent with the defendant's support obligation under the child support guidelines.
After reviewing the transcript of the proceedings on June 2, 1998, the court finds that the issue of child support was not properly before the court and, for that reason, the order modifying child support is hereby vacated. There is no need for the court to consider the plaintiff's claim that said reduction was inconsistent with the support guidelines.
For the foregoing reasons the court enters the following orders. Effective the date of this memorandum, the defendant is ordered to pay to the plaintiff the sum of $180.00 per week as support for the two minor children and he is further ordered to pay to the plaintiff the additional sum of $5.00 per week. The total effective order for child support is, therefore, $185.00 per week until the deficiency created by the court's prior order is erased.
By the Court,
Joseph W. Doherty Judge